81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Dennis GARCIA-CARDOZA; Diana Faviola Garcia-Zapata;
Mauricio Jose Garcia-Zapata; Denis Antonio
Garcia-Zapata; Ruddy Francisco
Garcia-Zapata; Gioconda
Zapata Castillo De
Garcia, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70774.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1996.*
Decided March 27, 1996.
 
 1
 Before: BEEZER and HAWKINS, Circuit Judges, and ZILLY, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Jose Dennis Garcia-Cardoza and his wife and children petition for review of the Board of Immigration Appeals' ("the Board") final order of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a)(1), and we affirm.
 
 
 4
 * All petitioners are natives and citizens of Nicaragua. Lead petitioner Garcia-Cardoza[1] worked as an assistant accountant in Managua before illegally entering the United States on December 15, 1985. In Nicaragua, petitioner voluntarily joined the Sandinista military reserve, but he became disillusioned with the Sandinista regime in 1982. Petitioner also joined a Sandinista Defense Committee ("CDS"). He stated that the Sandinistas organized many local CDSs, and membership in the CDS was "compulsory."
 
 
 5
 As a CDS member, petitioner refused to throw rocks and Molotov cocktails at the homes of supporters of the Somoza regime, and expressed his disapproval to local CDS members. Petitioner states that because of his refusal to participate in these activities, he was accused by local CDS members of being a reactionary and his family's allotment of food rations was cut in half. Petitioner and his family were forced to get most of what they needed from the black market.
 
 
 6
 Petitioner does not want his children to attend Nicaragua public schools, which he says indoctrinate military, communist ideas. He also fears that if he returns to Nicaragua he will be prosecuted as an opponent of the Sandinista regime.
 
 
 7
 The immigration judge ("IJ") denied Garcia-Cardoza's request for asylum and withholding of deportation. Although the IJ found petitioner's testimony credible, he found that petitioner failed to demonstrate either past persecution or a well-founded fear of persecution in Nicaragua. The Board affirmed the IJ on the same grounds.
 
 II
 
 8
 An alien is eligible for asylum if he has suffered past persecution or has a "well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We review the Board's denial of asylum for an abuse of discretion. Acewicz, 984 F.2d at 1061. We review the factual findings underlying the Board's denial of asylum, including the determination of petitioner's statutory eligibility for asylum, for substantial evidence. Id.
 
 A.
 
 9
 We agree with the Board that petitioner has failed to show past persecution. His children's schooling does not demonstrate persecution on the basis of "race, religion, nationality, membership in a particular social group, or political opinion." Petitioner's reduction in food rations also does not establish past persecution. See Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985) (that petitioner was denied discounts on food and a special work permit does not establish persecution). This is especially so given that petitioner admitted his family could obtain food on the black market.
 
 
 10
 Petitioner's case is distinguishable from Kovac v. INS, 407 F.2d 102 (9th Cir.1969), where the government retaliated against petitioner by ensuring he could not obtain employment in the occupation for which he was trained for a significant period of time. Unlike Kovac, petitioner kept his job and was able to provide for his family. As the IJ pointed out, petitioner "was never detained, interrogated, arrested or imprisoned by the Sandinistas while in Nicaragua." Although the denial of food rations created an economic hardship for petitioner and his family, it was not enough to establish past persecution. See Raass v. INS, 692 F.2d 596 (9th Cir.1982) (asylum relief depends on "something more than generalized economic deprivation").
 
 B.
 
 11
 The Board properly held that petitioner failed to prove he will be subject to future persecution if he returns to Nicaragua. First, the IJ noted that since the election of Violeta Chamorro, the Sandinistas are no longer the government in control of Nicaragua. Petitioner submitted newspaper articles in support of his argument that the Sandinistas still control the military and security forces in Nicaragua. He has failed to show, however, any evidence that the Sandinistas would retaliate against him for refusing to participate in CDS activities years earlier, or for generally opposing the Sandinistas. The record does not compel the conclusion that petitioner will be specifically targeted for persecution. General political conditions affecting Nicaraguans as a whole are an insufficient basis for granting asylum. See Sanchez-Trujillo v. INS, 801 F.2d 1571, 1581 (9th Cir.1986).
 
 III
 
 12
 To qualify for a withholding of deportation, petitioner must prove a "clear probability of persecution." Acewicz, 984 F.2d at 1062 (quoting INS v. Stevic, 467 U.S. 407, 413 (1984)). Because petitioner has failed to show he is eligible for asylum, he cannot meet the more difficult burden of establishing he is entitled to a withholding of deportation. Id.
 
 
 13
 As to all petitioners, the petitions for review are DENIED. PETITIONS DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because his wife and children are seeking derivative asylum status based on the lead petitioner's experiences, only the facts pertaining to Garcia-Cardoza are discussed here